RECEIVED
WESTERN DISTRICT OF LA
T. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
11/04/05

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| Dennis W. Richard | CIVIL ACTION NO. 05-1562 |
| V. | SECTION "P" |
| Tim Wilkerson | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights action filed by pro se plaintiff, **Dennis W. Richard**, ("Plaintiff"). Plaintiff is currently confined at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Plaintiff names as defendants: Tim Wilkerson, Ann Boyd, Anton Wilson.

Plaintiff alleges that defendants conspired against him. He asserts they took a pillow off his bed, walked off, and punched a shank into the pillow as if it were there before he left his cell.[doc.1.pg.5] Plaintiff was subsequently convicted of possessing an 8 ½ inch shank sharpened at one end. As a result, Plaintiff received penalties imposed of custody change to a Maximum Status- WCB and 8 months loss of incentive wages. Plaintiff alleges this conspiracy resulted in an allegedly false

conviction in a disciplinary proceeding. Plaintiff is asking for monetary damages..

**Frivolity**

Plaintiff is entitled to have his case reviewed pursuant to 28 U.S.C. §1915(A) Under 28 U.S.C. §1915(A), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune. A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

***Heck v. Humphrey***

To the extent plaintiff seeks damages on the basis that his disciplinary action allegedly violated his Constitutional rights, that claim is not cognizable. Under the Fifth Circuit's en banc

decision in *Clarke v. Stalder*, 154 F.3d 186 (5th Cir 1998) and the reinstated portions of the original panel opinion, *Clarke v. Stalder*, 121 F.3d 222 (5th Cir. 1997), Plaintiff's claim is clearly barred under the principles articulated by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584 (1997).

A claim that effectively attacks the constitutionality of a "conviction" does not accrue until that "conviction"[1] has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Clarke*, 154 F.3d at 189; *Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996). Unless the plaintiff can prove one of the criteria, his claim is not cognizable and must be dismissed. *Cronn v. Buffington*, 150 F.3d 538 (5th Cir. 1998). Moreover, "if a favorable judgment would 'necessarily imply' the invalidity of the prisoner's 'conviction' or the length of his confinement" the claim is not cognizable. *Heck*, 114 S.Ct. at 2372.

Moreover, claims challenging the procedures used in, but not the results of, prison disciplinary proceedings are similarly not cognizable until the relevant "conviction" has been reversed,

---

[1] Prison disciplinary actions are "convictions" for purposes of *Heck*. *Clarke*, 154 F.3d at 189.

expunged, or otherwise declared invalid if a favorable judgment would "necessarily imply" the invalidity of the prisoner's "conviction" in the disciplinary proceeding. *Clarke*, 154 F.3d at 189-91 citing *Edwards*, 117 S.Ct. at 1588.

Until plaintiff successfully challenges the disciplinary action, he cannot state a claim upon which relief can be granted. Moreover, any decision by this court regarding the constitutionality of disciplinary action would "necessarily imply" the invalidity of plaintiff's disciplinary punishment. Therefore, until plaintiff demonstrates that the disciplinary action has been invalidated, his claim for monetary damages should be dismissed with prejudice until the requirements of *Heck v. Humphrey*, supra, are met.[2]

Accordingly, Plaintiff's claim should be dismissed as frivolous and as failing to state a claim upon which relief may be granted.

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

---

[2] In *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), District courts are directed to dismiss such claims "with prejudice to their being asserted again until the *Heck* conditions are met."

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 3rd day of March, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE